CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2016

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM ANTOINE JASPER, | CASE NO. 7:16CV00427 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| MARTIN KUMER, ACRJS SUPERINTENDENT, | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Respondent. | |

William Antoine Jasper, a Virginia inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon review of Jasper's submissions, the court concludes that it must be summarily dismissed without prejudice, because Jasper has stated no right to relief under § 2254.[1]

Jasper is confined at the Albemarle-Charlottesville Regional Jail ("the jail") related to court proceedings on a charge that he violated his probation conditions. Jasper states that he is not challenging any aspect of these court proceedings, however. Rather, he states that the jail Superintendent Kumer is allowing his staff to violate Jasper's constitutional rights. Among other things, Jasper alleges that after he was found guilty of a disciplinary infraction and placed in segregation, officers stated false reasons not to release him to the general population unit; that officers are not allowing him to defend himself against assault charges other inmates have brought against Jasper; that he is being denied mental health medications and telephone privileges; that officers remove his bed from 6:00 a.m. until 6:00 p.m.; that officers have sexually assaulted him by touching his genitalia and buttocks through his clothing without his

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

consent; that officers have used vulgar language toward him; and that officers, on occasion, have refused him drink or food during meals. Based on all these allegations, Jasper contends that he is entitled to <u>habeas</u> relief in the form of an order directing jail officials to transfer him to another jail near Richmond, Virginia.

The federal habeas corpus statutes grant a district court jurisdiction to entertain petitions for habeas corpus relief for persons who demonstrate that they are in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a); <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989).

> "It is well settled that challenges to the fact or length of confinement are properly considered in the context of habeas corpus" while challenges to the conditions of one's confinement are properly brought as civil rights actions. See <u>Plyler v. Moore</u>, 129 F.3d 728, 733 (4th Cir. 1997) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487-88 (1973) (holding that a challenge to the length of "actual confinement in prison" must be brought as a habeas corpus action)); <u>Todd v. Baskerville</u>, 712 F.2d 70, 72 (4th Cir. 1983). [If a] petition challenges the conditions of [the petitioner's] confinement rather than the fact or length of his confinement, it cannot proceed as a habeas corpus action.

<u>Robinson v. Creasey</u>, No. 5:07-CV-00347, 2009 WL 1073642, at *8 (S.D.W. Va. Apr. 21, 2009). Accordingly, Jasper's challenges to conditions of his confinement at the jail, such as allegedly unjustified segregation, alleged verbal or physical harassment by guards, reduced property or telephone privileges, interference with medical care, or occasional incidents of missing food items at meals, are not properly presented in a federal habeas corpus petition. See, e.g., <u>McCain v. Garrity</u>, No. 3:02CV435, 2002 WL 32362032 (E.D. Va. July 16, 2002) (finding claim relating to medical care was improperly advanced in a <u>habeas</u> action).

The form of relief Jasper seeks is also not available under § 2254. "If a state prisoner is . . . attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release," his cause of action falls outside "the

2

traditional purpose of habeas corpus." Preiser, 411 U.S. at 494. Jasper's claims, complaining about the conditions of his confinement and seeking a transfer to another jail, rather than seeking earlier release from that confinement, are not proper habeas corpus claims under § 2254.

Such challenges to conditions of confinement must be raised, if at all, in a civil action under federal or state law against the individual prison official(s) who committed the alleged misdeeds. See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004). If Jasper believes that the challenged actions of jail officials violated his constitutional rights, he may refile them in a new and separate civil rights action under 42 U.S.C. § 1983. His current submission does not name individual defendants for each of the incidents raised, provide dates or state injuries suffered, and most importantly, does not offer any indication that Jasper has exhausted available administrative remedies at the jail. See 42 U.S.C. § 1997e(a) (requiring exhaustion of administrative remedies before filing federal lawsuit on prison conditions). For these reasons, the court declines to construe Jasper's submission as a § 1983 complaint. Instead the court will dismiss his § 2254 petition without prejudice for failure to state any cognizable habeas claim.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 27th day of September, 2016.

_____
Chief United States District Judge

3